IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGIMEDIA TECH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM HOLDINGS AMERICA CORPORATION, <br><br> Defendant. | CIVIL ACTION <br><br> NO. _____ <br><br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DigiMedia Tech, LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

### THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Ave., Suite 254, Alpharetta, GA 30009.

2.      Defendant Fujifilm Holdings America Corporation ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal office located at 200 Summit Lake Drive, Valhalla, NY 10595.  Defendant maintains a regular and established place of business in this judicial district at 200 Summit Lake Drive, Valhalla, NY 10595.

### JURISDICTION AND VENUE

3.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent

Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.      This Court has personal jurisdiction over Defendant because Defendant has minimum contacts with the State of New York, and has purposefully availed itself of the privileges of conducting business in the State of New York.  For example, on information and belief, Defendant has sold or offered to sell infringing products in the State of New York and in this Judicial District, or has manufactured accused products and provided them to intermediaries for distribution throughout the country, including in the State of New York and this Judicial District, with knowledge of this distribution.

5.      Venue is proper in this Court as to Defendant pursuant to 28 U.S.C. § 1391, and 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement in and maintains a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

*The '635 Patent*

6.      Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,914,635, entitled "Microminiature Zoom System for Digital Camera" ("the '635 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO").

7.      A true and correct copy of the '635 patent is attached hereto as Exhibit A. The '635 patent is incorporated herein by reference.

8.      The application that became the '635 patent was filed on February 8, 2001.

9.     The '635 patent issued on July 5, 2005, after a full and fair examination by the USPTO.

10.     The '635 patent is valid and enforceable and directed to eligible subject matter.

11.     The elements recited in the asserted claims of the '635 patent were not well-understood, routine, or conventional when the application that became the '635 patent was filed.

12.     The claims of the '635 patent are directed to technical solutions to the technical problem of providing zoom, autofocus, and other features to increasingly compact digital cameras.  Other features the claimed invention enables include such things as anti-shake and image stabilization.  The '635 patent discloses and claims technical solutions to providing such features in increasingly compact digital cameras through, for example, a micro-electromechanical system support mechanism with at least two positions of movement.  The claims of the '635 patent thus allow features like zoom, autofocus, anti-shake, and image stabilization to be provided even in increasingly compact digital cameras.  The inventions claimed in the '635 patent therefore provide technical solutions to this technical problem, are not abstract, and claim patentable subject matter.

***The '706 Patent***

13.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,545,706, entitled "System, Method and Article of Manufacture for Tracking a Head of a Camera-Generated Image of a Person" ("the '706

patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14.    A true and correct copy of the '706 patent is attached hereto as Exhibit B. The '706 patent is incorporated herein by reference.

15.    The application that became the '706 patent was filed on July 30, 1999.

16.    The '706 patent issued on April 8, 2008, after a full and fair examination by the USPTO.

17.    The '706 patent is valid and enforceable and directed to eligible subject matter.

18.    The elements recited in the asserted claims of the '706 patent were not well-understood, routine, or conventional when the application that became the '706 patent was filed.

19.    The claims of the '706 patent are directed to technical solutions to the technical problem of how to identify a head in an image.  One of various reasons this is important is to assist in focusing a digital camera.  Since many camera users are not trained in how to properly focus a camera, and because many photographs are candid shots of moving subjects, the problem calls for technical solutions.  The '706 patent discloses and claims such technical solutions.  For example, the '706 patent recognized that while a number of different techniques could be used to identify a head portion of a subject in an image, no single technique is foolproof.  Thus, the '706 patent discloses applying at least two techniques to identify a head portion and basing the detection of heads on the results of the two techniques.  This approach overcomes a problem that any particular technique may be fooled by or rendered inapplicable by particular

circumstances (e.g., lighting conditions, orientation of the subject to the camera, etc.).
The inventions claimed in the '706 patent therefore provide technical solutions to this
technical problem, are not abstract, and claim patentable subject matter.

***The '476 Patent***

20.    Plaintiff is the owner by assignment of all right, title, and interest in and to
United States Patent No. 7,715,476, entitled "System, Method and Article of
Manufacture for Tracking a Head of a Camera-Generated Image of a Person" ("the '476
patent"), including the right to sue for all past, present, and future infringement, which
assignment was duly recorded in the USPTO.

21.    A true and correct copy of the '476 patent is attached hereto as Exhibit C.
The '635 patent is incorporated herein by reference.

22.    The application that became the '476 patent was filed on April 21, 2005.

23.    The '476 patent claims priority to the application that became the '706
patent, filed on July 30, 1999.

24.    The '476 patent issued on May 11, 2010, after a full and fair examination
by the USPTO.

25.    The '476 patent is valid and enforceable and directed to eligible subject
matter.

26.    The elements recited in the asserted claims of the '476 patent were not
well-understood, routine, or conventional when the application that became the '476
patent was filed.

27.    The claims of the '476 patent are directed to technical solutions to the
technical problem of how to identify a head in an image.  One of various reasons this is

5

important is to assist in focusing a digital camera.  Since many camera users are not trained in how to properly focus a camera, and because many photographs are candid shots of moving subjects, the problem calls for technical solutions.  The '476 patent discloses and claims such technical solutions.  For example, the '476 patent recognized that while a number of different techniques could be used to identify a head portion of a subject in an image, no single technique is foolproof.  Thus, the '476 patent discloses applying at least two techniques to identify a head portion and basing the detection of heads on the results of the two techniques.  This approach overcomes a problem that any particular technique may be fooled by or rendered inapplicable by particular circumstances (e.g., lighting conditions, orientation of the subject to the camera, etc.). The inventions claimed in the '476 patent therefore provide technical solutions to this technical problem, are not abstract, and claim patentable subject matter.

## COUNT I – INFRINGEMENT OF THE '635 PATENT

28.    Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

29.    Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '635 patent.

30.    For example, Defendant infringes at least claim 1 of the '635 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Fujifilm GFX100 products as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

31.    Defendant's infringing activities are and have been without authority or license under the '635 patent.

32.     Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '635 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

33.     Prior to filing this action, Plaintiff specifically notified Defendant in writing of their infringement of the '635 patent.

34.     Defendant has continued to infringe the '635 patent despite receiving this notice and having actual knowledge of the '635 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

35.     Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## COUNT II – INFRINGEMENT OF THE '706 PATENT

36.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

37.     Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '706 patent.

38.     For example, Defendant infringes at least claim 19 of the '706 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Fujifilm X-T30 products, as detailed in the preliminary claim chart attached hereto as Exhibit E and incorporated herein by reference.

39.     Defendant's infringing activities are and have been without authority or license under the '706 patent.

40.     Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '706 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

41.     Prior to filing this action, Plaintiff specifically notified Defendant in writing of their infringement of the '706 patent.

42.     Defendant has continued to infringe the '706 patent despite receiving this notice and having actual knowledge of the '706 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

43.     Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## COUNT III – INFRINGEMENT OF THE '476 PATENT

44.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

45.     Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '476 patent.

46.     For example, Defendant infringes at least claim 21, 22, and 23 of the '476 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Fujifilm X-T2 products, as detailed in the preliminary claim chart attached hereto as Exhibit F and incorporated herein by reference.

47.     Defendant's infringing activities are and have been without authority or license under the '476 patent.

48.     Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '476 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

49.     Prior to filing this action, Plaintiff specifically notified Defendant in writing of their infringement of the '476 patent.

50.     Defendant has continued to infringe the '476 patent despite receiving this notice and having actual knowledge of the '476 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

51.     Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     Entry of judgment that Defendant has infringed one or more claims of the '635 patent, and that this infringement has been willful,

B.     Entry of judgment that Defendant has infringed one or more claims of the '706 patent, and that this infringement has been willful,

C.     Entry of judgment that Defendant has infringed one or more claims of the '476 patent, and that this infringement has been willful,

D.     Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

E.    Entry of judgment that this case is exceptional, and that Plaintiff be

awarded all of its costs, expenses, and attorney's fees incurred in

connection with this action,

F.    Pre-judgment and post-judgment interest on the damages assessed, and

G.    Such other and further relief, both at law and in equity, to which Plaintiff

may be entitled and which the Court deems just and proper.

This 29th day of May, 2020.

/s/Daniel A. Kent
Daniel A. Kent
  dankent@kentrisley.com
  Tel:  (404) 585-4214
  Fax:  (404) 829-2412
Stephen R. Risley
  steverisley@kentrisley.com
  Tel:  (404) 585-2101
  Fax:  (404) 389-9402
Cortney S. Alexander
  cortneyalexander@kentrisley.com
  Tel:  (404) 855-3867
  Fax:  (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff